Shauck, C. J.
The present case concedes that the relief sought by the trustee would have been properly granted but for the rights of the *171 bona fide holder which attached to the interests of the plaintiff in error. This because of the fact that the mere surrender by Dunn of his stock in an insolvent corporation did not constitute a sufficient consideration to sustain either the deed to Dewey or his subsequent mortgage to Dunn. The question we have to determine is, may the invalidity of the mortgage be asserted against the bank which received it with the note which it secured, before due, for a full consideration contemporaneously advanced by it, and without either actual or constructive notice of the circumstances attending the execution of either the deed or the mortgage? The principal, if not the only, reliance of the circuit court for the affirmative answer which it gave to that question is Baily v. Smith, 14 Ohio St., 396. Much care has been taken by this court, and by the courts of two other states which have followed Baily v. Smith, to limit its authority to the precise point which it decided.. In any view which may be taken of the case, it is an obvious departure from the doctrine generally recognized by the courts of the country. This was clearly demonstrated in Carpenter v. Longan, 16 Wall., 275. Although the case, when reviewed in the later adjudications of this court, has been recognized as establishing a rule of property, care has always been taken to limit it to that conservative function. It has not been thought necessary or advisable to give such extended operation to its doctrine as would widen the divergence between the decisions of this court and those of other states and the federal courts with reference to related subjects. *172 Renewed attention to the precise conclusion there reached is necessary to the end that it may be distinguished from the conclusion which it is said to require in the present case. If the syllabus of that case is read in the light of the well known rulo of this court that it states the points decided, the relevant proposition of the syllabus, the fourth in number, will plainly suggest the needed limitation: “The transfer of a negotiable promissory note, secured by mortgage on real estate, to a bona fide indorsee, does not entitle the holder to foreclose the mortgage, when it appears that both note and mortgage were obtained by fraud.” The point decided was that a note and mortgage to secure it having been obtained by fraud, the maker may interpose that defense against the mortgage in the hands of a bona fide indorsee, although he may not interpose it against the note. Obviously no other question could have been decided for no other was presented. In the present case, the question is whether against such bona fide holder there may be asserted a latent equity in favor of persons who are not parties to the mortgage and as to whom the record contains no disclosure whatever. An affirmative answer to that question derives no support whatever from Baily v. Smith. Notwithstanding all that was there said, cases of this character are determined by the familiar rule that a mortgage is an incident to a negotiable note which it secures, and is subject to no equity which may not be asserted against the holder of the note. If it should be *173 conceded that one in the position of the plaintiff in error might, consistently with the principles of law, be required to ascertain, before purchasing, whether the mortgagor has a defense against a suit to foreclose his equity of redemption, it would not follow that he should be held to inquire of mankind with respect to látent equities. In support of the view here , suggested the cases are numerous and uniform. Types of them are: Holmes v. Gardner, 50 Ohio St., 167; Railway Co. v. Lynde, 55 Ohio St., 23; and Humble v. Curtis, 160 Ill., 193.
Reference to the statement of facts in the present case shows that the plaintiff in error not only received the note by indorsement from Dunn, but that it received a formal assignment indorsed upon the mortgage and that the same was duly entered of record. In view of this fact counsel for plaintiff in. error insists that the amendment of 1888 to Section 4135, Revised Statutes, vested in the bank a legal title to the mortgagee’s interest in the property, and that the point actually decided in Baily v. Smith is now inconsistent with the statute. It will be prudent to defer a decision of the question suggested until it shall receive from counsel and the court the more careful consideration which it is likely to receive in a case requiring it to be decided.
Without attaching any importance whatever to the amendment of the statute, it seems clear that the judgment of the circuit court was erroneous and that upon the agreed statement of facts upon which the case was submitted the *174 judgment should be in favor of the plaintiff in error.

Judgment reversed and judgment for plaintiff in error.

Price, Crew, Summers, Spear and Davis, JJ., concur.